IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSEPH MARIO MANDEL McQUAIG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:05CV01150 |
| v. | ) | 1:00CR250-3 |
| | ) | 1:00CR251-3 |
| UNITED STATES OF AMERICA, | ) | 1:00CR312-3 |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Mario Mandel McQuaig, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On November 13, 2000, Petitioner pled guilty to armed bank robbery and carrying and using, by brandishing, a firearm in a crime of violence in case no. 1:00CR250-3 (Docket Nos. 1, 63), armed bank robbery in case no. 1:00CR251-3 (Docket Nos. 1, 50), and armed bank robbery in case no. 1:00CR312-3 (Docket Nos. 1, 37). He was later given a total of 272 months of imprisonment in judgments entered on April 5, 2001. (1:00CR250-3 Docket No. 84, 1:00CR251-3 Docket No. 79, 1:00CR312-3 Docket No. 51.) Petitioner did not appeal.

Petitioner has now filed a section 2255 motion in this Court. (Docket No. 1.)[1] In it, he raises a single claim for relief based on *United States v. Booker*, 543 U.S. 220, 125 S. Ct.

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

738, 160 L.Ed.2d 621 (2005).[2] Respondent has moved to dismiss the motion. (Docket No. 6.) Petitioner has responded to the motion to dismiss. (Docket No. 8.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

The government requests dismissal on the ground that the motion was filed[3] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where, as here, a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L.Ed.2d 88 (2003). Because Petitioner did not appeal his convictions and sentence the convictions became final ten days after the judgments were entered on April 5, 2001. Respondent has calculated that the date of finality plus one year gave Petitioner until

---

[2]In his response to the motion to dismiss, Petitioner attempts to construe a variation of his claim as being "jurisdictional" in nature. This appears to be a tactic to evade the timing requirements of section 2255. He has not demonstrated that any portion of his claim falls outside of the requirements of section 2255 and the Court will apply them to his entire motion.

[3] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

April 16, 2002 to file a timely motion under subsection one of section 2255. Petitioner has not objected to that date and any minor inaccuracy would not affect the outcome of the case.

Petitioner's present motion was filed on December 27, 2005 and is dated December 19, 2005. Therefore, he could not have given it to prison authorities for mailing until more than two years after his time for filing a motion under subsection one had expired. Only if another subsection gives him more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion. There is no showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner is relying upon the recent Supreme Court cases regarding the proof needed to enhance sentences. *Booker*, 543 U.S. 220; *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). Although the Supreme Court has now decided in *Booker* that the reasoning of *Blakely* does apply to the federal sentencing guidelines, the Fourth Circuit has recently held that *Booker* was a "new rule" of criminal procedure under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners, . . . , whose

convictions became final before *Booker* (or *Blakely*) was decided."[4] *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Apr. 10, 2006)(No. 05-11378). Because Petitioner's conviction became final in 2001, and *Booker* was decided in 2005, it would have to be applied retroactively to benefit Petitioner. Therefore, reliance upon *Booker* and *Blakely* does not extend Petitioner's limitation period. Subsection three does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims rest upon facts involving occurrences at sentencing or before, and these facts could have been discovered by Petitioner well before his conviction became final. This subsection does not apply.

Finally, Petitioner suggests in his response to Respondent's motion to dismiss that *Dodd v. United States*, 545 U.S. 353, 125 S. Ct. 2478, 162 L.Ed.2d 343 (2005), helps his case. (Docket No. 8.) *Dodd* considered the issue of when the limitation period began to run where the case being relied upon was retroactively applicable. Because *Booker* is not retroactively applicable this question does not arise in this case, and *Dodd* does not help Petitioner. Petitioner's motion is not timely under any subsection of section 2255.

---

[4] The court also made clear that it is the date that *Booker* rather than *Blakely* was decided that controls the retroactivity analysis. *United States v. Morris*, 429 F.3d 65, 69 n.5 (4th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Apr. 10, 2006)(No. 05-11378)(citing *Lloyd v. United States*, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date *Booker* issued is appropriate dividing line because *Blakely* reserved decision about the federal sentencing guidelines), *cert. denied*, 126 S. Ct. 288, 163 L.Ed.2d 253 (2005)).

Case 1:00-cr-00251-NCT   Document 137   Filed 10/24/06   Page 4 of 5

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 6) be granted, that Petitioner's motion to vacate, set aside or correct sentence (Docket No.1) be denied, and that this action be dismissed.

                                                /s/ P. Trevor Sharp
                                         United States Magistrate Judge

Date: October 24, 2006